No. 2847.

### JOHN HAEBERLE VS. JOHN L. BARRINGER ET AL.

A suit against a ship, or other vessel, and her captain and owners, without naming
the latter, accompanied by a provisional seizure, or sequestration of the vessel,
is an action *in rem*, and of such an action, the State courts have no jurisdiction.
Only the admiralty courts have jurisdiction of suits *in rem* against vessels.

In a *personal* suit against the captain, or owners of a vessel, the vessel is subject to
attachment, or any other conservatory writ, that any other species of property is.

APPEAL from the Second Judicial District Court, parish of Jefferson.
Pardee, J.

*Egan & Whittemore,* for plaintiff and appellant.

*Hufft* and *R. King Cutler,* for defendants.

The opinion of the court was delivered by

MARR, J.   Barringer brought suit in a justice's court of the parish of
Jefferson against the "steamboat Jatau, captain, and owners," and
caused the boat to be provisionally seized. A judgment was rendered
in favor of the plaintiff, from which the owner of the Jatau took an ap-
peal to the parish court. This appeal was finally dismissed for want of
prosecution, and execution issued, under which the constable seized the
Jatau. This seizure seems to have been released, and Haeberle, the
owner of the boat, filed his petition in the Second Judicial District Court
in the parish of Jefferson, alleging that the judgment was a nullity; that
the *fieri facias* was also a nullity; that the seizure was illegal; that Bar-
ringer and the constable, Joachim, threatened to seize the boat again
on her return to port; that the boat was worth six thousand dollars;
and that the illegal acts of Barringer and Joachim had caused damages
to Haeberle for which he claimed six hundred dollars. He also prayed
that they be perpetually enjoined from seizing said steamboat or any
other property of Haeberle under the said illegal writ.

The judgment of the court below dissolved the injunction with fifty
dollars damages and dismissed the petition, and Haeberle appealed.

We consider it well settled that a steamboat or a ship can not be pro-
ceeded against in a State court in the form in which the suit was brought
and prosecuted in the justice's court. A creditor having a claim of any
nature whatsoever against the master and the owners of a ship or other
vessel may bring his suit *in personam* against his debtors; and he may
avail himself of any conservatory process allowed by the laws of the
State to secure and enforce his demand. Where the defendants are non-
residents, for example, the creditor may obtain a writ of attachment
and may cause to be seized any property whatsoever belonging to his
debtor, whether it be ship or other vessel or some other thing liable to
seizure. So, where the debt is one which creates a lien and privilege,
the creditor may cause a writ of provisional seizure or of sequestration

to issue, as the one or the other may be appropriate, and the property on which he claims the lien or privilege may be seized under such writ, whether it be ship or other vessel or any other thing whatsoever. In all such cases the debtors are sued by name, sued in person, and the writ is merely auxiliary to hold the property upon which the lien or privilege exists until judgment can be obtained *in personam*, and the lien enforced by seizure under *fieri facias*.

. But a suit against " the steamboat Jatau, captain, and owners " is not a suit *in personam*, since no person is named and no person could be condemned. The provisional seizure in such case is a proceeding *in rem* against the property seized, which our law does not permit except in those cases in which the thing upon which the lien is claimed has either been lost or abandoned by the owner, or the owner is either unknown or absent, and these requisites must be made to appear by proper affidavit.

The creditor may sue the captain and the owners of the vessel, and may seize the vessel provisionally, but he must name and cite by name the persons whom he charges as captain and owners, otherwise his proceeding is *in rem* to enforce a lien and privilege on the vessel.

The jurisprudence of the Supreme Court of the United States and of this State has settled conclusively that such proceedings *in rem* against a ship or vessel can not be had in a State court, and that it is only in the admiralty that liens and privileges on ships and vessels can be enforced by proceeding *in rem* in the name of and against the vessel itself. See the Moses Taylor, 4 Wallace; the Hine, 4 Wallace; the Belfast, 7 Wallace; and Brown vs. Matanzas, 19 An. 384.

In this latter case the suit was brought against the " steamship Matanzas, captain, and owners," and the vessel was sequestered. The distinction in all such cases is this: A creditor having also a lien and privilege on the vessel may sue his debtor in any State court having jurisdiction of the person and the amount, and he may attach the vessel or seize it under any conservatory process allowed by the local law, but if he wishes to proceed against the vessel by name and to seize it *in limine* he must sue in the admiralty, and the State courts are without jurisdiction.

This is not a suit for the nullity of a judgment. The plaintiff alleges the nullity and the illegal seizure and the threatened seizure of his property under execution issued on that judgment. For the wrong thus done he claims six hundred dollars damages, and he also prays to be protected by perpetual injunction. The jurisdiction of the district court can not be seriously questioned. The boat may have been detained in port by the seizure, may have lost freight and passage money which would have otherwise been earned, and the plaintiff might have

been able to prove the full amount of damages sued for. At any rate, the amount sued for is sufficient, and we are to look to that amount to determine the jurisdiction.

The judgment of the justice's court was void for want of jurisdiction, and it acquired no additional force or validity by the dismissal of the appeal to the parish court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed; that the injunction as prayed for in plaintiff's petition and as originally granted *in limine* be reinstated and be made perpetual; and that the appellees pay the costs in both courts.